## COURT OF APPEALS, JANUARY TERM, 1848.

WILLIAM R. GRACIE, Appellant, vs. WILLIAM S. PIERSON, et al.,
Respondents.

An appeal from an order made at a special term of the Supreme Court in Equity, will not
lie to the Court of Appeals, until first re-heard at a general term.

This was a motion made by the respondents to dismiss an appeal
brought by the appellant, from an order made at a special term of the
Supreme Court in Equity, held at the city of New York, on the 8th
day of November, 1847—J. W. EDMONDS, Justice, presiding—the order
was as follows :—

" *William R. Gracie* v. *Abraham G. Thompson et al.* An order in
the words and figures following, to wit : In the Supreme Court in
Equity, held for the state of New York, on the 29th day of July, A.
D. 1847—present, J. W. EDMONDS, Justice— *William R. Gracie* v. *Wil-
liam S. Pierson and others.* On reading and filing copy, bond, affidavit,
and notice of motion, &c., and after hearing counsel on both sides, it
is ordered, that it be referred to Stephen Cambreling, Esq., referee, to
ascertain, according to the practice of this court, the damages sustained
by the Defendants, James Freeland, Henry Sheldon, and William S.
Pierson, by reason of the injunction heretofore issued out of the late
Court of Chancery, on the application of the said William R. Gracie,
in the suit brought by him as complainant against the said William S.
Pierson and others, before the Chancellor; and that the said Freeland,
Sheldon, and Pierson have leave to prosecute the said bond to be de-
livered to them or their solicitor for that purpose, if required, or that
they have leave to apply to the court in the premises after such dam-
ages shall be ascertained, as they may be advised; filed July 29, 1847;
having heretofore been made in this cause at chambers, and the court
now deeming that such order was unadvisedly granted under the pre-
sent practice of this court; but it appearing that the parties interested
in said order had fully acted under it, by attending for a length of time
without objection, before the referee therein named, and that much
testimony has been taken, and great expense incurred on such refer-
ence; it is now ordered, the counsel for the respective parties having
been heard, that the same order be now entered in this cause *nunc pro
tunc*, and that said order and all the proceedings which have been had
under the same, be of the same effect and validity as if the said order
had been made in open court. And it is further ordered, that the order
entered in this cause on the 8th day of November, 1847, not having been

duly settled, and not containing all the provisions intended to be entered therein, be struck from the files of the court, and this order entered in its place."

The special grounds upon which this motion was made and opposed, and which were argued before the court, were:

1st. That the affidavit of justification of the sureties to the appeal bond was not entitled in the cause in which the appeal was made.

2d. That the petition of appeal did not state the names of the parties who were respondents.

3d. That the subject-matter of the appeal involved simply questions of practice and matters which were in the discretion of the court below, and not the subject of appeal.

The counsel for the appellant, however, upon his affidavit, insisted as a ground of opposition to the motion, that there had been no return or transcript of the papers on the order appealed from, returned, or filed in this court, but that the same remained in the Supreme Court, and the petition of appeal had not been answered by the respondents.

A. L. JORDAN, *Counsel for Respondents.*

R. W. PECKHAM, *Counsel for Appellant.*

Before the close of the argument, the court intimated to the counsel that they were under the impression there was a point of considerable importance involved in this motion, which had not been alluded to, to wit: whether an appeal could properly be brought to this court upon an order made at a special term of the Supreme Court in Equity, without first having been reheard at general term.

The counsel upon both sides thereupon discussed this question, and the court held the case under advisement, after which, JEWETT, Chief Judge, gave the decision of the court, that no appeal could be brought to this court upon an order made at a special term of the Supreme Court in Equity, without first having been reheard at general term; and dismissed the appeal with costs, and costs of the motion, upon that ground solely.